RECEIVED
FEB - 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Edward Carino, et al.                    Civil Action No. 05-1978

versus                                    Judge Tucker L. Melançon

Wal-Mart Louisiana, LLC, et al.          Magistrate Judge Hill

## MEMORANDUM RULING

Before the Court is Plaintiffs' Motion to Remand [Rec. Doc. 7] and Defendants' Opposition thereto [Rec. Doc. 9]. This action was removed from the 27th Judicial District Court for the Parish of St. Landry on November 18, 2005 pursuant to Defendants' Notice of Removal on the grounds of diversity of citizenship, 28 U.S.C. § 1332 [Rec. Doc. 5]. Plaintiffs' request a remand on the basis that the individually named defendant, Thomas Nelson, is a citizen of Louisiana. Because Plaintiffs are also citizens of Louisiana, Plaintiffs maintain that a remand is proper under 28 U.S.C. § 1447 as the Court lacks subject matter jurisdiction. For the following reasons, Plaintiffs' Motion to Remand will be denied.

*I. Background.*

The present action arises out of Edward Carino's claim of personal injuries he allegedly sustained after being bitten by a snake while shopping in the Lawn and

1

Garden Center of Wal-Mart, store No. 543 located in Opelousas, Louisiana.[1] The snake allegedly emerged from a plant that was part of Wal-Mart's inventory and bit Mr. Carino on his left thumb and wrist. (*Complaint* ¶ 4). Defendant Thomas Nelson was the manager of the Opelousas Wal-Mart store at the time of Carino's accident. (*Complaint* ¶ 8; *Defendant's Opposition*, p. 1). As manager, Nelson performed general administrative and managerial duties, including instruction and supervision of employees. (*Defendant's Opposition*, p. 10).

Plaintiffs assert against Nelson seven alternative theories of recovery: "(1) failure to survey the premises of the Lawn and Garden Center of Wal-Mart to keep it safe for consumers, specifically by allowing a poisonous serpent to be present in the plants/trees that it was offering for sale to Plaintiff; (2) failure to oversee the proper inspection of the premises by his employees for this purpose and to keep its premises safe from a known danger to customers, that being the presence of snakes in plants/trees found in the Lawn and Garden sections of Wal-Mart stores; (3) failure to properly and adequately manage and maintain the Lawn and Garden Center of Wal-Mart for the safety of their customers; (4) failure to warn customers of the presence of potential poisonous serpents in the Lawn and Garden Center of the store;

---

[1] Edward Carino's wife, Mechelle Carino, asserted claims for her mental anguish, distress, and loss of consortium and society of her husband. (*Complaint* ¶ 13).

(5)creating an unreasonably dangerous condition on the premises; (6) other acts of negligence and fault which may be shown through discovery or at trial; and (7) generally, the failure of the defendant to act with the required degree of care commensurate with the existing situation." (*Complaint* ¶ 10).

## *II. Standard of Review.*

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Plaintiffs contend that because Nelson and the Carinos are citizens of Louisiana, there is an absence of complete diversity of citizenship and thus no subject matter jurisdiction. Defendants maintain that removal of this case was proper and that a remand is not warranted because Nelson was fraudulently joined in this suit.

To prove that a non-diverse defendant like Nelson was improperly joined, the removing party must show actual fraud in the pleading of jurisdictional facts or an inability of a plaintiff to establish a cause of action against a defendant in state court. See *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendants raise the latter issue. "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995).

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Moreover, "claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff." *Id.*

### III. Law and Analysis.

Generally, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." *Holmes v. Great Atlantic & Pacific Tea Co.*, 587 So.2d 750, 752 (La. App. 4th Cir.1991). "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee." *Id.* Defendants contend that Plaintiffs have no chance of recovery against Nelson because the Carinos have failed to establish the required showing for imposing personal liability on an employee. Defendants correctly point out that the controlling Louisiana Supreme Court decision on the issue of employee liability is *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.

4

1973), *superceded by statute on other grounds,* wherein Louisiana's high court held that in order to impose personal liability on an employee for breach of a delegated duty, the following must be established:[2]

> 1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-- whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

With regard to the fourth *Canter* factor, Plaintiff's do not dispute that if

---

[2] The Fifth Circuit recognized the *Canter* guidelines in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994).

Thomas Nelson breached a duty, it was an administrative duty. Plaintiffs' seven theories of Nelson's negligence include his failure to oversee, inspect, manage, maintain, warn, act with care, or otherwise generically prevent their injuries. (*Complaint*, ¶ 10). Specifically, Plaintiffs assert that their claims against Nelson arise from his "failure to properly perform his management duties." (*Plaintiffs' Motion*, p. 6). Further, Plaintiffs have failed to allege any facts which would indicate that Nelson's general administrative duty to protect store patrons included the specific non-administrative duty of inspecting for snakes in the Lawn and Garden section.

Even when viewing the Carino's allegations regarding Nelson's acts or omissions in a light most favorable to the movants, Plaintiffs fail to establish that they could maintain a claim against Nelson. Thomas Nelson's duty to ensure the safety of patrons at Wal-Mart, store No. 543 is nothing more than an administrative responsibility. There is no such theory of recovery under Louisiana law. See *Carter v. Wal-mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. 2005)(manager had not actively contributed to defective condition and could not be linked to hazard-causing employee); *Harrod v. Zenon*, 2003 WL 21748687 (E.D. La. 2003)(station manager not liable in personal capacity for accumulation of fuel on service station bay floor); *Ware v. Fairmont Hotel Company-New Orleans*, 1998 WL 906703 (E.D. La. 1998)(general manager not personally responsible for general inspections); *Bennett*

*v. Kmart Corp.*, 1996 WL 577919 (E.D. La. 1996)(store manager had only administrative responsibility for the cleaning of store).

*IV. Conclusion.*

For the reasons stated, the Court concludes that Defendants have carried their burden of establishing that there is no possibility that Plaintiffs could maintain a cause of action against Nelson. As such, he was improperly joined in this suit. Accordingly, Plaintiffs' Motion to Remand will be denied and Plaintiffs' claims against Thomas Nelson will be dismissed with prejudice.