UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| EDWARD CARINO, ET AL. | *CIVIL ACTION NO. 05CV1978 |
| VS. | *MAGISTRATE JUDGE HILL |
| WALMART LOUISIANA, LLC | *BY CONSENT OF THE PARTIES |

<u>MEMORANDUM RULING</u>

Before the Court is the Motion for New Trial filed by plaintiffs, Edward and Mechelle Carino. [rec. doc. 79]. The defendant, Wal-Mart Louisiana, LLC, has filed opposition. [rec. doc. 84]. The Motion has been set for consideration on the undersigned's April 18, 2007 calendar with oral argument. [rec. doc. 80]. A trial on the merits in this matter was held before a jury beginning on January 22, 2007, and concluding on January 25, 2007. At the conclusion of the trial, a jury verdict was returned in favor of the defendant, Wal-Mart Louisiana, LLC. Plaintiffs now seek a new trial pursuant to Fed. R. Civ. P. 59 on grounds that the jury's verdict is contrary to the great weight of the evidence.

"[T]o prevent the trial judge from simply substituting his judgment for that of the jury, ...new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence". *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982); *Whitehead v. Food Max of Mississippi*, 163 F.3d 265, 269 (5th Cir. 1998) citing *Pryor v. Trane Co.*, 138 F.3d 1024,

1026 (5th Cir.1998) ("A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence");  *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 264 (5th Cir. 1998) ("A jury verdict ... may be reversed and a new trial ordered only if the verdict is against the great weight of the evidence.").

The district court has "sound discretion" to grant or deny new trial motions. *Whitehead,* 163 F.3d at 269 citing *Pryor*, 138 F.3d at 1026, *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir.1998), and *Bernard ,* 154 F.3d at 264.  The trial court in passing on a motion for a new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Jamison,* 671 F.2d at 930 citing *Bazile v. Bisso Marine Co., Inc.*, 606 F.2d 101, 105 (5ht Cir. 1979), cert. denied, 1980, 449 U.S. 829, 101 S.Ct. 94, 66 L.Ed.2d 33, and  11 C. Wright & A. Miller, Federal Practice and Procedure §  2806 at 44-45 (1973).  This does not mean, however,  that a judge may order a new trial simply because he disagrees with the jury verdict.  *Id.*  Rather, the judge  must be convinced that the verdict is against the great weight of the evidence.  *Id.*

The jury is charged with the responsibility of evaluating the credibility of witnesses and sorting through conflicting testimony.  Thus, the mere fact that evidence is conflicting is not enough to set aside the verdict and order a new trial.  *Dawson v. Wal-Mart Stores, Inc*., 978 F.2d 205, 208 (5th Cir. 1992).  To the contrary, "the more sharply the evidence conflicts, the more reluctant the judge should be to substitute his judgment for that of the jury."   11 C. Wright, A. Miller & M. Kane,  Federal Practice and Procedure, §  2806, at 67 (1995).

After considering, plaintiffs' motion and the supporting memorandum and the memorandum in opposition, and after considering and weighing all of the evidence, the Court finds that the jury's verdict was not against the great weight of the evidence. Although Edward Carino testified that he was bitten at Wal-Mart, the jury apparently did not believe his testimony. The evidence demonstrated that although Mr, Carino was bitten by a venomous snake somewhere, the snake was never seen at Wal-Mart by anyone other than Mr. Carino, despite searches performed by Wal-Mart employees, the police and pest control employees.

This case revolved, almost entirely, on the jury's assessment of the plaintiff's credibility. The jury resolved this credibility issue against the plaintiff. There is enough evidence in the record to support the jury's determination. The court cannot substitute its judgement for that of the jury on this credibility call. The undersigned cannot find the jury's decision unsupported, illogical, arbitrary or unreasonable.  Accordingly,

**IT IS ORDERED** that plaintiffs' Motion for New Trial is hereby **DENIED**.

Thus done and signed, March 14, 2007, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE