UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| EDWARD CARINO, ET AL. | *CIVIL ACTION NO. 05CV1978 |
| VS. | *MAGISTRATE JUDGE HILL |
| WALMART LOUISIANA, LLC | *BY CONSENT OF THE PARTIES |

MEMORANDUM RULING

Before the Court is the Motion to Recover Costs Pursuant to Federal Rule 68 filed by Wal-Mart Louisiana, LLC. ("Wal-Mart"). [rec. doc. 82]. The plaintiffs, Edward and Mechelle Carino, have filed opposition. [rec. doc. 86]. The Motion has been set for consideration on the undersigned's April 18, 2007 calendar without oral argument. [rec. doc. 83]. After the instant Motion was filed, by letter dated March 19, 2006, counsel for Wal-Mart notified the court of Judge Trimble's adverse Ruling on an identical Motion filed by Wal-Mart in a procedurally identical case pending before him, *Zeno v. Wal-Mart Louisiana, LLC*, 3:03cv1644 (W.D.La.), rec. doc. 90, advising this court that Judge Trimble's analysis denying Wal-Mart's Motion to Recover Costs Pursuant to Federal Rule 68 is applicable to the instant Motion. The court appreciates counsel's conduct in calling to the court's attention authority which may be adverse to movant's position herein. Wal-Mart's Motion to Recover Costs Pursuant to Federal Rule 68 is **Denied**.

Rule 68 of the Federal Rules of Civil Procedure provides that, at any time more than 10 days before the start of the trial, a defendant may make a settlement offer which

would allow judgment to be entered against that defendant.  The plaintiff has ten days to decide whether or not to accept the offer.  If a plaintiff rejects a settlement offer and later receives a judgment less favorable than the settlement offer foregone, the plaintiff must pay the costs incurred after the making of the offer.

In the instant case, Wal-Mart made a $75,000.00 settlement offer to the plaintiffs over ten days prior to trial.  That offer was rejected by plaintiffs.  At trial, the plaintiffs did not obtain a judgment in favor of Wal-Mart; rather, the jury rendered a verdict in favor of Wal-Mart.  Thus, plaintiffs' entire action was defeated.

Both the United States Supreme Court and the Fifth Circuit Court of Appeal have held that Rule 68 does not apply when the plaintiffs do not obtain a judgment against the offering defendant, but rather a verdict is entered in favor of the defendant.  *Delta Airlines v. August,* 450 U.S. 346, 101 S.Ct. 1146 (1981); *Louisiana Power & Light v. Kellstrom*, 50 F.3d 318, 333-334 (5th Cir. 1995); *See also Poteete v. Capital Engineering, Inc.,* 185 F.3d 804, (7th Cir. 1999) (Citations omitted) ("Rule 68 is applicable only to cases the defendant loses.  If he wins, he will normally be entitled to recover his costs (not limited, moreover, to costs incurred after he made his Rule 68 offer) under Fed.R.Civ.P. 54(d)). Rule 68 operates against a prevailing plaintiff who does not accept a losing defendant's offer, resulting in the loss of some of the benefits of  the prevailing plaintiff's victory (costs pursuant to Rule 54(d)) in the event his recovery is less than the rejected offer.  *Kellstrom*, 50 F.3d at 333 citing *August,* 450 U.S. at 352.  If the plaintiff takes nothing against the offeror defendant, Rule 68 is simply inapplicable.

Although Wal-Mart cites *Johnston v. Penrod Drilling, Co.*, 803 F.2d 867 (5th Cir. 1986) in support of its position, that case dealt with an un-apportioned joint settlement offer from co-defendants, one of which later settled individually with the plaintiff; the court was not presented with the question before this court, an offer by a sole defendant who ultimately completely prevails at trial over the plaintiff. The *Johnston* court nevertheless indicated the position it would take if the question of a no-take judgment was presented, citing *August* and stating "Rule 68 operates to require a *prevailing* plaintiff to pay the costs of the litigation in the single circumstance covered by the rule: where the plaintiff does not accept the defendant's offer of judgment which is *more favorable than the judgment the plaintiff ultimately obtains*." *Penrod*. 803 F.2d at 869 (emphasis added).  Indeed, when the issue was later squarely presented to the Fifth Circuit in *Kellstrom*, the court held, consistent with the Supreme Court in *August*, that in cases where "a plaintiff takes nothing, ... Rule 68 does not apply." *Kellstrom*, 50 F.3d at 333.

For these reasons;

**IT IS ORDERED** that the Motion to Recover Costs Pursuant to Federal Rule 68 filed by Wal-Mart Louisiana, LLC. [rec. doc. 82] is **Denied.**

Thus done and signed this 28th day of March, 2007 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE